UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| ARTHUR GARY, | * | |
|---|---|---|
| Plaintiff, | * | |
| v. | * | Civil Action No. 13-12847-JLT |
| JOSEPH D. MCDONALD, JR., ANTONE MONIZ, and JOHN DOE(S), | * | |
| Defendants. | * | |

MEMORANDUM

May 13, 2014

YOUNG, J.

I.  Introduction

Arthur Gary ("Gary") brings this suit against Antone Moniz ("Moniz") and John Doe(s) for alleged civil rights violations under 42 U.S.C. § 1983.[1] Presently before this Court is Moniz's Motion to Dismiss [#7]. For the reasons set forth below, Moniz's Motion to Dismiss is DENIED.

II. Background[2]

Gary brings this action against Moniz in his individual capacity as Superintendent of the Plymouth County Correctional Facility ("PCCF") and Defendant John Doe(s), presently unidentified employee(s) of the Plymouth County Sheriff's Department.[3]

---

[1] Joseph McDonald, Jr., was originally a defendant in this action in his official capacity as Sheriff of Plymouth County. Gary filed a Stipulation of Partial Dismissal of Claims on January 16, 2014 that removed him as a party. Stipulation Partial Dismissal Claims ¶ 1 [#14].

[2] Because Moniz moves to dismiss for failure to state a claim, this Court presents the facts as they are related in Gary's Complaint, see Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Gary, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (Wolf, J.).

On March 11, 2012, while incarcerated at Plymouth County House of Correction, which is part of the PCCF, Gary was assaulted by his presently unidentified cellmate.[4] Gary was fifty-two years old at the time.[5] Due to this assault, Gary suffered facial fractures around his right eye.[6] He was diagnosed with a fracture of the right zygomaxilary complex, which required internal fixation with plates and screws.[7] The surgery was performed at Boston Medical Center around March 12, 2012.[8]

Following the incident, a PCCF investigator filed a report on the incident.[9] The report stated that Gary's attacker had a history of assaulting his cellmates because he disliked sharing his cell space.[10] The report further indicated that this preference likely motivated the attack against Gary.[11] At all times relevant to this action, Moniz was responsible for formulating policies, practices, and procedures to protect inmates at PCCF from harm.[12] He was also aware that housing violent and non-violent offenders together presented dangers and did not take action to prevent assaults like the one on Gary.[13]

---

[3] Compl. ¶¶ 11–12, 19 [#1].

[4] Compl. ¶¶ 7–8 [#1].

[5] Compl. ¶ 9 [#1].

[6] Compl. ¶ 9 [#1].

[7] Compl. ¶ 9 [#1].

[8] Compl. ¶ 9 [#1].

[9] Compl. ¶ 10 [#1].

[10] Compl. ¶ 10 [#1].

[11] Compl. ¶ 10 [#1].

[12] Compl. ¶ 14 [#1].

[13] Compl. ¶ 15 [#1].

III. Analysis

Gary's Complaint raises claims against Moniz and Defendant John Doe(s) for violation of Gary's federal constitutional rights pursuant to 42 U.S.C. § 1983.[14]

A. Standard of Review

In ruling on a motion to dismiss for failure to state a claim, a "court must 'take all factual allegations as true and draw all reasonable inferences in favor of the plaintiff.'"[15] To survive a motion to dismiss, a complaint must include factual allegations that, taken as true, demonstrate a plausible claim for relief.[16] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[17] In order to satisfy the minimal requirements of notice pleading, a plaintiff cannot "lump" multiple defendants together and must "state clearly which defendant or defendants committed each of the alleged wrongful acts."[18] This Court may consider the "facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which judicial notice may be taken."[19]

B. Section 1983 Claim

Gary's complaint does not allege any facts indicating that Moniz personally knew that Gary was placed in the same cell as a violent inmate. Rather, his claim against Moniz is based on

---

[14] Compl. ¶¶ 13, 18, 23 [#1].

[15] Pettengill, 584 F. Supp. 2d at 362 (internal punctuation and emphasis omitted) (quoting Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[16] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–58 (2007); see also Trans-Spec, 524 F.3d at 320.

[17] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[18] Bagheri v. Galligan, 160 F. App'x 4, 5 (1st Cir. 2005); Sires v. Hefferman, No. 10-11993-MLW, 2011 WL 2516093, at *5 (D. Mass. June 21, 2011) (Wolf, J.).

[19] Nollet v. Justices of the Trial Court, 83 F. Supp. 2d 204, 208 (D. Mass. 2000) (Harrington, J.).

supervisory liability.[20] Supervisory officials may be held liable only "on the basis of their own acts or omissions."[21] Acts or omissions by a supervisor "must amount to a reckless or callous indifference to the constitutional rights of others."[22] Supervisors cannot be held "liable for merely negligent acts," nor for the "unconstitutional conduct of their subordinates under a theory of *respondeat superior*."[23]

A supervisor displays reckless indifference "when it would be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights."[24] Deliberate indifference is akin to willful blindness.[25] Even if a supervisor does not know of the specific actions of a subordinate that violate a person's constitutional rights, a supervisor may be held liable if he is aware of a general "pattern or practice" that threatens persons' constitutional rights and is deliberately indifferent to the danger.[26] Inadequate training of subordinates may provide a basis for supervisory liability.[27]

Gary sets forth sufficient factual allegations to state a plausible claim for relief. He has alleged that Moniz was responsible for training and supervising subordinates in a way that

---

[20] See Compl. ¶ 20 [#1]; Pl.'s Opp'n Def.'s Mot. Dismiss 3–4 [#16].

[21] Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009) (quoting Iqbal, 556 U.S. at 676); see also Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 502 (1st Cir. 2011).

[22] Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 92 (1st Cir. 1994).

[23] Sanchez, 590 F.3d at 49 (quoting Iqbal, 556 U.S. at 676); Febus-Rodriguez, 14 F.3d at 92.

[24] Febus-Rodriguez, 14 F.3d at 92. There must also be an "affirmative link" between the supervisor's actions or omissions and a subordinate's violation of a person's constitutional rights. Id.

[25] Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994).

[26] See Alsina-Ortiz v. Laboy, 400 F.3d 77, 81–82 (1st Cir. 2005).

[27] Maldonado-Denis, 23 F.3d at 582.

4

ensured prisoner safety, as well as being responsible for implementing prison policies to protect inmates from suffering violence at the hands of other inmates.[28] These responsibilities include the implementation of an inmate classification plan.[29] Gary has also alleged that, despite Moniz having those responsibilities, he was placed into a cell with an inmate who had a history of assaulting other inmates to receive preferable cell assignments.[30] Construing the facts in the light most favorable to Gary, it is reasonable to infer that Moniz failed properly to train or supervise PCCF employees on the appropriate screening and placement of violent inmates or failed to implement an adequate placement procedure.

C.  Qualified Immunity

Moniz also argues that Gary's claim is barred by qualified immunity. "[Q]ualified-immunity cases illustrate the importance of drawing inferences in favor of the nonmovant . . . ."[31] Qualified immunity requires a two-step analysis: (1) "whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right," and (2) "whether the right was 'clearly established' at the time of the defendant's alleged violation."[32] The second step of the analysis requires consideration of the "clarity of the law" at the time of the alleged violation and whether, given the particular facts of the case, a "reasonable defendant would have understood that his conduct violated the [plaintiff's] constitutional rights."[33]

---

[28] Compl. ¶¶ 13–15 [#1].

[29] See 103 C.M.R. § 942.01.

[30] Compl. ¶¶ 8–10 [#1].

[31] Tolan v. Cotton, No. 13-551, slip op. at 7 (U.S. May 5, 2014) (per curiam).

[32] Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. 223, 232 (2009)).

[33] Id.

5

Gary satisfies the first part of the two-step analysis. His complaint claims that his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments was violated.[34] In the prison context, this right includes the right to "humane conditions of confinement."[35] Moreover, it places a responsibility on prison officials to protect prisoners from the violence of other prisoners.[36] Given the violent attack on his person by a fellow prisoner, which prison officials failed to avert, Gary successfully alleges a constitutional violation. As discussed above, he has also set forth sufficient facts to state a claim for supervisory liability.

With respect to the second step of the qualified-immunity analysis, the issue is whether a reasonable person in Moniz's position would have understood that his conduct violated Gary's constitutional rights.[37] As explained, Gary does not argue that Moniz had personal knowledge that Gary had been placed in the same cell as a violent inmate.[38] He does allege, however, that Moniz was responsible for implementing appropriate policies and training measures to ensure prisoner safety.[39] Nonetheless, Gary was placed in the same cell as a violent inmate who had a history of assaulting other inmates in order to be placed in a private cell.

On the basis of these facts, this Court concludes that a reasonable person in Moniz's position reasonably would have understood that his failure properly to train his subordinates violated Gary's constitutional rights. At the time of the alleged violations, prison officials had a

---

[34] See Farmer v. Brennan, 511 U.S. 825, 832 (1994).

[35] Id.

[36] Id.

[37] See Glik v. Cunniffe, 655 F.3d 78, 81 (1st Cir. 2011).

[38] Compl. ¶¶ 13–14 [#1]; Pl.'s Opp'n Def.'s Mot. Dismiss 3–4 [#16].

[39] Compl. ¶¶ 14–18 [#1].

clearly established duty to protect inmates from violence at the hands of other inmates.[40] This duty includes the duty to use of some form of classification system to ensure that inmates with a propensity for violence do not pose a danger to others.[41] Here, it is reasonable to infer that Moniz did not establish an adequate classification system or failed properly to train his subordinates on the placement of violent and non-violent inmates. Because Gary has adequately claimed that his clearly established constitutional rights were violated, qualified immunity does not bar his claim.

IV.  Conclusion

For the foregoing reasons, Moniz's Motion to Dismiss [#7] is DENIED.

AN ORDER HAS ISSUED.

William G. Young<br>
United States District Judge

---

[40] See Farmer, 511 U.S. at 832; Wilson v. Seiter, 501 U.S. 294, 301 (1991).

[41] Calderon-Ortiz, 300 F.3d at 65–66.